**BETTS, PATTERSON & MINES P.S.**
Christopher W. Tompkins (WSBA #11686)
CTompkins@bpmlaw.com
701 Pike Street, Suite 1400
Seattle, WA 98101-3927

**BLANK ROME LLP**
Henry F. Schuelke III (admitted *pro hac vice*)
HSchuelke@blankrome.com
600 New Hampshire Ave NW
Washington, DC 20037

James T. Smith (admitted *pro hac vice*)
Smith-jt@blankrome.com
Brian S. Paszamant (admitted *pro hac vice*)
Paszamant@blankrome.com
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103

Attorneys for Defendants Mitchell and Jessen

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT SPOKANE

| | |
|---|---|
| SULEIMAN ABDULLAH SALIM, MOHAMED AHMED BEN SOUD, OBAID ULLAH (as personal representative of GUL RAHMAN), <br><br> Plaintiffs, <br> vs. <br><br> JAMES ELMER MITCHELL and JOHN "BRUCE" JESSEN, <br><br> Defendants. | NO. 2:15-CV-286-JLQ <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** <br><br> Note On Motion Calendar: April 22, 2016, 9:00 AM at Spokane, Washington |

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

# TABLE OF CONTENTS

TABLE OF CONTENTS...............................................................................i

INTRODUCTION ....................................................................................1

ARGUMENT ...........................................................................................2

    I.      PLAINTIFFS' CLAIMS ARE NON-JUSTICIABLE. ........................2

          A.     The Political Question Doctrine Precludes This Court from Second-Guessing Decisions Made by the Executive Branch. .................................................................2

          B.     *The Paquete Habana* and *Koohi v. United States* Are Inapplicable. ..............................................................4

          C.     Judicially Manageable Standards Do Not Exist. ........................5

    II.     DEFENDANTS ARE ENTITLED TO IMMUNITY. ..........................6

          A.     Plaintiffs Misconstrue the Requirements for *Yearsley* Immunity. .............................................................6

          B.     Defendants are Also Entitled to *Filarsky* Immunity.................11

    III.    PLAINTIFFS HAVE NOT STATED VALID ATS CLAIMS..........14

CONCLUSION .......................................................................................15

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- i -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdullahi v. Pfizer*,
  562 F.3d 163 (2d Cir. 2009) .................................................................15

*Al Shimari v. CACI Premier Tech., Inc.*
  2015 U.S. Dist. LEXIS 107511 (E.D. Va. June 18, 2015) .........................*passim*

*Al Shimari v. CACI Premier Tech., Inc.*,
  758 F.3d 516 (4th Cir. 2014) ...............................................................3

*Bader v. State*,
  43 Wn. App. 223, 716 P.2d 925 (1986)..............................................13

*Bennett v. MIS Corp.*,
  607 F.3d 1076 (6th Cir. 2010) ...........................................................10

*Boyle v. United Techs. Corp.*,
  487 U.S. 500 (1998)...................................................................9, 11

*Butters v. Vance Int'l, Inc.*,
  225 F.3d 462 (4th Cir. 2000) ............................................................12

*Cabalce v. Thomas E. Blanchard & Assocs.*,
  797 F.3d 720 (9th Cir. 2015) ....................................................... 9-11

*Cabalce v. VSE Corp.*,
  922 F. Supp. 2d 1113 (D. Haw. 2013)..................................................9

*Campbell-Ewald Co. v. Gomez*,
  136 S. Ct. 663 (2016)................................................................ 7-9

*Chesney v. TVA*,
  782 F. Supp. 2d 570 (E.D. Tenn. 2011).........................................9, 11

*Crozier v. Krupp*,
  224 U.S. 290 (1912)......................................................................8

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)        - ii -
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

*Filarsky v. Delia,*
   132 S. Ct. 1657 (2012) .......................................................... 11-12, 14

*Hamdan v. Rumsfeld,*
   548 U.S. 557 (2006) ................................................................15

*Hamdi v. Rumsfeld,*
   542 U.S. 507 (2004) ..................................................................6

*In re Hanford Nuclear Reservation Litig.,*
   534 F.3d 986 (9th Cir. 2008) ............................................... 9-11

*In re KBR, Inc. Burn Pit Litig., Inc.,*
   736 F. Supp. 2d 954 (D. Md. 2010) ......................................10

*Kadic v. Karadzic,*
   70 F.3d 232 (2d Cir. 1995) ......................................................4

*Koohi v. United States,*
   976 F.2d 1328 (9th Cir. 1992) .............................................. 4-5

*Lebron v. Rumsfeld,*
   670 F.3d 540 (4th Cir. 2012) ...................................................6

*Little v. Barreme,*
   6 U.S. (2 Cranch) 170 (1804) ..................................................8

*McArdle v. Tronetti,*
   961 F.2d 1083 (3d Cir. 1992) ................................................14

*McKay v. Rockwell Int'l Corp.,*
   704 F.2d 444 (9th Cir. 1983) ................................................12

*Mikhail v. Kahn,*
   991 F. Supp. 2d 596 (E.D. Pa. 2014) ...................................14

*Morstad v. Dep't of Corr. & Rehab.,*
   147 F.3d 741 (8th Cir. 1998) ................................................14

*Padilla v. Yoo,*
   678 F.3d 748 (9th Cir. 2012) .............................................5, 11

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)   - iii -
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

*Reddy v. Karr*,
   102 Wn. App. 742, 9 P.3d 927 (2000) ................................................. 13

*Saleh v. Titan Corp.*,
   580 F.3d 1 (D.C. Cir. 2009) ............................................................... 12

*Taggart v. State*,
   118 Wn.2d 195, 822 P.2d 243 (1992) ................................................. 13

*Tarros S.p.A. v. United States*,
   982 F. Supp. 2d 325 (S.D.N.Y. 2013) ............................................... 4-5

*The Paquete Habana*,
   175 U.S. 677 (1900) .......................................................................... 4-5

*Tobias v. State*,
   52 Wn. App. 150, 758 P.2d 534 (1988) .............................................. 13

*Volk v. Demeerleer*,
   184 Wn. App. 389, 337 P.3d 372 (2014) ............................................ 13

*Von Staich v. Atwood*,
   2011 U.S. Dist. LEXIS 83705 (C.D. Cal. Feb. 22, 2011) ................... 13

*Winter v. NRDC, Inc.*,
   555 U.S. 7 (2008) .................................................................................. 7

*Wu Tien Li Shou v. United States*,
   777 F.3d 175 (4th Cir. 2015) ................................................................ 2

*Yearsley v. W.A. Ross Constr. Co.*,
   309 U.S. 18 (1940) ........................................................................... 6-10

**Statutes**

50 U.S.C. § 3035 ...................................................................................... 7

50 U.S.C. § 3036 ...................................................................................... 7

Exec. Order 12333, 46 Fed. Reg. 59941 (Dec. 4, 1981) .......................... 7

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)         - iv -
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

Exec. Order 13470, 73 Fed. Reg. 45325 (July 30, 2008) ........................................7

RCW 10.77.060.............................................................................................13

RCW 71.05.120.............................................................................................13

**Other Authorities**

U.S. Const. art. II § 2, cl. 1 ....................................................................6

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)                    - v -
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

1

**INTRODUCTION**

2        Plaintiffs ask this Court to do two things it should not do: (1) second-guess

3  real-time decisions by the Executive Branch in the theater of war almost 15 years

4  ago; and (2) hold private government contractors liable for alleged conduct

5  authorized by the government's own attorneys who were themselves later held to

6  be immune.  Should this Court indulge either of Plaintiffs' unfounded requests, it

7  would generate untenable, practical dilemmas—hamstringing our government's

8  ability to combat the ongoing War on Terror.

9        Plaintiffs' alleged treatment while detained by the CIA abroad inescapably

10  implicates the Political Question Doctrine.  In seeking to revisit the almost 15-

11  year-old foreign policy decisions made by the Executive Branch, Plaintiffs

12  willfully ignore precedent from various courts—as recent as June 2015—holding

13  that decisions involving the use of interrogation measures on foreign detainees

14  should be left to the military and the Executive Branch, as a co-equal branch of

15  government, and are not susceptible to judicially-cognizable standards.  Plaintiffs

16  would have this Court disregard case law directly on point.  Rather than interject

17  itself into this political arena, this Court should instead heed the guidance of its

18  sister courts and dismiss Plaintiffs' claims under the Political Question Doctrine.

19        Equally troubling is Plaintiffs' attempt to strip immunity from private

20  contractors acting within authority validly conferred by the government.

21  Withholding the protections of Derivative Sovereign Immunity here would

22

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP      - 1 -
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

impermissibly result in Defendants being left "holding the bag" for conduct for which their public counterparts are immune; the very result the Supreme Court has counseled against. Denying immunity would also impose an impossible burden requiring all contractors to independently test the legality of the government's authority—lest they alone be held liable for carrying out the government's work.

## ARGUMENT

## I.   PLAINTIFFS' CLAIMS ARE NON-JUSTICIABLE.

Plaintiffs mischaracterize Defendants' arguments as calling upon this Court to decide whether "prisoner abuse and torture are political decisions reserved for the executive branch," ECF No. 28 at 2, and wrongly assert that case law precludes application of the Political Question Doctrine. But *Al Shimari v. CACI Premier Tech., Inc.* 2015 U.S. Dist. LEXIS 107511 (E.D. Va. June 18, 2015), recognizes that Plaintiffs' claims raise non-justiciable political questions that lack any judicially-manageable standards. This action must be dismissed as non-justiciable.

### A.   The Political Question Doctrine Precludes This Court from Second-Guessing Decisions Made by the Executive Branch.

Addressing Plaintiffs' claims would require reexamination of policy decisions by the Executive Branch; the separation of powers "prevents the judicial branch from hearing" such a case. *Al Shimari*, 2015 U.S. Dist. LEXIS 107511, at *32 (citing *Wu Tien Li Shou v. United States*, 777 F.3d 175, 180 (4th Cir. 2015)).

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 2 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

In arguing against the application of the Political Question Doctrine, Plaintiffs fail to address *Al Shimari*—a strikingly similar situation in which an ATS claim against a government contractor involved in interrogating U.S. detainees abroad was dismissed as non-justiciable. *Al Shimari* reasoned that consideration of the plaintiffs' claims would raise a "broad array of interferences by the judiciary into the military functions textually committed by our Constitution to Congress, the President and the Executive Branch." *Id.* at *26 (internal citations omitted).

Per the court's opinion:

> During the period of war relevant to Plaintiffs' allegations, there was, to be sure, a debate within the Executive Branch about what were morally appropriate techniques and what could be justified by military necessity. ***These questions, like so many others asked during the aftermath of September 11, 2001, were not addressed by applying standards that were judicially cognizable; they were difficult judgments that involved a delicate weighing of public policy, the public sense of morality, public decency, the customs of war, international treaties, and military necessity. There could hardly be a question more unsuited for the judiciary.***

*Id.* at *26-27 (emphasis added; citations omitted).

Plaintiffs' failure to acknowledge and address *Al Shimari* is remarkable, given their extensive discussion of an earlier Fourth Circuit decision in the same matter. ECF No. 28 at 21-24 (citing *Al Shimari v. CACI Premier Tech., Inc.*, 758 F.3d 516 (4th Cir. 2014)). This omission is even more striking in that Plaintiffs' attorneys have filed an amicus brief supporting the pending appeal of *Al Shimari* to

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 3 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

the Fourth Circuit, raising many of the same arguments they do here. *See Brief of Amici Curiae ACLU Foundation, Amnesty International, and Human Rights Watch in Support of Plaintiffs-Appellants*, No. 15-1831 (4th Cir.), filed Sept. 28, 2015 (Doc. 22). Indeed, Plaintiffs' ATS claims present ***precisely*** the same issues and dilemmas seen in *Al Shimari*. For instance, as *Al Shimari* holds, courts are simply "unequipped to second-guess the military judgments in the application or use of extreme interrogation measures in the theatre of war[, or] whether the techniques approved by the military were appropriate[.]" *Id.* at *31. And Defendants would also "likely defend against the allegations [in Plaintiffs' Complaint] by asserting that their actions were ordered by the military." *Id.* at *32. As a result, this Court would similarly have "to consider whether military judgments were proper." *Id.*

## B.   *The Paquete Habana* and *Koohi v. United States* Are Inapplicable.

Plaintiffs rely upon *The Paquete Habana*, 175 U.S. 677 (1900), and *Koohi v. United States*, 976 F.2d 1328 (9th Cir. 1992), contending that the Supreme Court "has made clear that the federal courts are capable of reviewing military decisions," and that "[d]amage actions are particularly judicially manageable." ECF No. 28 at 5, 8. But these cases are inapposite.[1] *See Tarros S.p.A. v. United*

---

[1] Plaintiffs claim that, per *Kadic v. Karadzic*, 70 F.3d 232, 249 (2d Cir. 1995), ATS suits are especially judicially manageable. ECF No. 28 at 8. *Kadic*, however, is inapposite, as there both the U.S. Department of State and Solicitor General expressly requested that the Political Question Doctrine ***not*** be invoked. *Id.* at 250.

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 4 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

1    *States*, 982 F. Supp. 2d 325, 337-38 (S.D.N.Y. 2013).  For one, *Habana* applies

2    only to cases in which Congress or the President expressly petition the judiciary to

3    review a cause of action that involves a political question.  175 U.S. at 338.  And

4    the court's holding in *Koohi*—that damage actions are judicially manageable

5    relative to actions seeking equitable relief—applies only to the exercise of military

6    discretion related to ***domestic*** control of civil disorder.  976 F.2d at 1338-39.

7    ### C.    Judicially Manageable Standards Do Not Exist.

8    Plaintiffs' contention that judicially-manageable standards exist to review

9    their claims is incorrect.  The "lack of clarity as to the definition of torture" at the

10    time of the alleged conduct "***creates enough of [a] cloud of ambiguity to conclude***

11    ***that the court lacks judicially manageable standards to adjudicate the merits of***

12    ***Plaintiffs' ATS torture claim***."  *Al Shimari*, 2015 U.S. Dist. LEXIS 107511, at \*38

13    (emphasis added) (referring to *Padilla v. Yoo*, 678 F.3d 748 (9th Cir. 2012)).[2]

14    Likewise, "the definition of [cruel, inhuman and degrading treatment] is so

15    malleable that the Court would have a difficult time instructing a jury on the

16    distinction between torture and [cruel, inhuman and degrading treatment]."  *Id.* at

17    \*39.  Finally, a charge of war crimes requires a court to "step into the shoes of the

18    

19    [2]  Plaintiffs wrongly assert that the Ninth Circuit in *Yoo* "determined" claims

20    arising from alleged torture of foreign detainees are justiciable.  ECF No. 28 at 3-4.

21    *Yoo* involved a motion for failure to state a claim; the defendant did not raise

22    justiciability, and neither the district nor appellate court addressed it *sua sponte*.

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 5 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

1   military and question its decisions" and to determine if Plaintiffs were "insurgents,

2   innocent civilians, or even innocent insurgents." *Id.* at *41. This is "anything but

3   simple." *Id.* In short, there are no judicially-manageable standards to apply.

4   **II.   DEFENDANTS ARE ENTITLED TO IMMUNITY.**

5       **A.   Plaintiffs Misconstrue the Requirements for *Yearsley* Immunity.**

6       Plaintiffs assert that *Yearsley*-based immunity is "available only for conduct

7   that (1) exercises validly-delegated and lawful government authority, and (2) is

8   undertaken pursuant to a government plan the contractor had no discretion in

9   devising." *Id.* This is not the law. Defendants meet all requirements for *Yearsley*-

10  based immunity.

11      *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940), teaches that there are

12  only ***two*** circumstances in which a contractor performing a delegated government

13  function may be liable: (1) where the contractor "exceeded his authority"; or (2)

14  where that authority "was not validly conferred" by the government. *Id.* at 21.

15      Neither circumstance invalidating *Yearsley* immunity is present here. "After

16  al Qaeda killed over three thousand people in its September 11, 2001 attacks on the

17  United States, Congress empowered the President to use his warmaking authority

18  to defeat this terrorist threat to our nation." *Lebron v. Rumsfeld*, 670 F.3d 540, 544

19  (4th Cir. 2012). "[C]ommand responsibility in national security and military

20  affairs" are committed "to the President as Commander in Chief." *Id.* at 549

21  (citing U.S. Const. art. II § 2, cl. 1); *Hamdi v. Rumsfeld*, 542 U.S. 507, 531 (2004).

22

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 6 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

So too does the President possess authority to delegate national security affairs to the CIA.  *Winter v. NRDC, Inc.* 555 U.S. 7, 24, 26 (2008); National Security Act of 1947, *as amended*, 50 U.S.C. §§ 3035, 3036(c), (d)(1)-(4) (2005).  And the CIA had authority to contract with Defendants to perform such services.  *See* Exec. Order 12333, 46 Fed. Reg. 59941, 59951 § 2.7 (Dec. 4, 1981), *amended by*, Exec. Order 13470, 73 Fed. Reg. 45325, 45339 (July 30, 2008) (authorizing the Intelligence Community to "enter into contracts or arrangements for the provision of goods or services with private companies or institutions" in the United States).  Thus, the operative authority was "validly conferred."

Plaintiffs' argument, citing *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), and *Yearsley*, that "the government cannot by contract immunize unlawful acts because the authority is 'not validly conferred,'" and that because the "Executive could not lawfully authorize . . . torture and abuse . . ., *Yearsley* does not shield Defendants," is incorrect.  ECF No. 28 at 14.  An act's legality does not impact whether the ***authority to act*** was validly conferred per *Yearsley*/*Gomez*.

In *Yearsley*, it was "undisputed that the work which the contractor had done . . . was all ***authorized*** and ***directed*** by the Government . . . for the purpose of improving . . . navigation[, was] ***authorized*** and ***directed*** by the governmental officers [and] was performed pursuant to an Act of Congress[.]"  309 U.S. at 20 (emphasis added).  There was no discussion of whether the act itself was lawful; rather, the Court focused on whether the "Government's representatives [were]

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 7 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

lawfully acting on its behalf in relation to the taking." *Id.* at 22.  It was thus the "lawful acting" on behalf of the government—not the act itself—that resulted in immunity.  *Id.* (citing *Crozier v. Krupp*, 224 U.S. 290, 305 (1912) ("The adoption by the United States of the ***wrongful*** act of an officer is of course an adoption of the act when and as committed, and causes such act of the officer to be, in virtue of the statute, a ***rightful*** appropriation by the Government[.]") (emphasis added)).

In *Gomez*, the Supreme Court "disagree[d]" with the Ninth Circuit's "narrow" reading of *Yearsley*—instead recognizing that the "[c]ritical [issue] in *Yearsley* was the . . . contractor's performance ***in compliance with all federal directions***."  136 S. Ct. at 673 n.7 (emphasis added).  *Gomez* thus establishes that a contractor loses "derivative immunity" only when it "violates both federal law ***and*** the Government's explicit instructions."[3]  *Id.* at 672 (emphasis added).

Here, Plaintiffs concede that Defendants acted as contractors "pursuant to contracts . . . with the CIA."  *See* ECF No. 28 at 14.  And, as in *Yearsley* and *Gomez*, Defendants' authority to perform national security services for the CIA to defeat the "terrorist threat to our nation" was "validly conferred."  But unlike

---

[3]  The Ninth Circuit has also recognized that the proper inquiry is whether a contractor performed in accordance with its contractual terms.  ECF No. 27 at 12-13 (collecting cases).  Thus, Plaintiffs' reliance on *Little v. Barreme*, 6 U.S. (2 Cranch) 170, 179 (1804)—a case decided 136 years ***before*** *Yearsley*, and that did not involve a private contractor performing work under contract—is misplaced.

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 8 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

*Gomez*, Defendants did *not* exceed that authority by not "complying with the [government's] instructions." 136 S. Ct. at 673. Moreover, Defendants have already demonstrated that immunity is appropriate in situations where the alleged conduct was within the contemplated scope of employment—even if said conduct involved detaining and interrogating enemy aliens. *See* ECF No. 27 at 16-17.

Plaintiffs' argument that *Yearsley* immunity is somehow "limited to cases in which a contractor 'had no discretion in the design process and completely followed government specifications'" improperly conflates *Yearsley* immunity with the "distinct" "government contractor defense" test under *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1998)—which held that government contractors involved in the design of military equipment should not be held liable for state law claims where their design conformed to "reasonably precise" government specifications.[4] *See* ECF No. 28 at 15-16 (citing *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1001 (9th Cir. 2008); *Boyle*, 487 U.S. at 511-12.

---

[4] The *Boyle* "government contractor defense" is a "distinct doctrine" from *Yearsley*-based Derivative Sovereign Immunity. *See, e.g., Cabalce v. VSE Corp.*, 922 F. Supp. 2d 1113, 1125 (D. Haw. 2013) ("Many federal courts have since construed *Yearsley* as creating a distinct doctrine of derivative sovereign immunity."), *aff'd sub. nom Cabalce v. Thomas E. Blanchard & Assocs.*, 797 F.3d 720 (9th Cir. 2015); *Chesney v. TVA*, 782 F. Supp. 2d 570, 581-82 (E.D. Tenn.

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 9 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

Here, Defendants do not rely on *Boyle*.  Nor is there is a contractor "discretion" requirement under *Yearsley*; in fact, this term does not appear anywhere in the Court's opinion.  Rather, *Yearsley* discussed the contractor's work as being done "under the ***direction*** of the Secretary of War and the ***supervision*** of the Chief of Engineers of the United States."  309 U.S. at 556 (emphasis added).  So too all of the challenged conduct here was under the CIA's "direction" and "supervision."  And the CIA had the "ultimate authority" to determine which, if any, of Defendants' recommendations and advice to follow or implement.  ECF No. 27 at 16, 18.  So not only are Plaintiffs wrong about the test for *Yearsley* immunity, their authority is distinguishable—as the CIA "direct[ed]" and "supervis[ed]" the alleged conduct.  *Cf. Cabalce*, 797 F.3d at 732 ("As the district court aptly observed, it was undisputed that [defendants] designed the [fireworks] destruction plan ***without*** government control or supervision.") (emphasis added).[5]

---

2011); *In re KBR, Inc. Burn Pit Litig., Inc.*, 736 F. Supp. 2d 954, 967 n.7 (D. Md. 2010); *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1090 (6th Cir. 2010).

[5]  *In re Hanford* and *Cabalce* conceived of a principle that does not appear to be based on Supreme Court jurisprudence.  For instance, *In re Hanford* lacked support for the proposition that *Yearsley* "limited the applicability of the defense [to] where the agent had no discretion in the design process and completely followed government specifications."  534 F.3d at 1001.  And it relied on Justice Brennan's ***dissent*** in *Boyle* for the proposition that "[n]othing in *Yearsley* extended immunity

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 10 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

**B.    Defendants are Also Entitled to *Filarsky* Immunity.**

*Filarsky v. Delia* held that government contractors should not be left "holding the bag—facing full liability for actions taken in conjunction with government employees who enjoy immunity for the same activity."  132 S. Ct. 1657, 1666 (2012).  Yet Plaintiffs propose that Defendants suffer precisely this fate.  *See* ECF No. 27 at 12-13.  And if the government's **own lawyers** were held immune from liability in *Yoo*, 678 F.3d at 768, how can its contractors be liable for engaging in "the same activity"?  Such an unfair result would vitiate *Filarsky*.

Plaintiffs misapply the *Filarsky* test for immunity.  Plaintiffs argue that to obtain such immunity contractors: (1) must have a claim that is "historically grounded in common law"; and (2) must not have "violated . . . clearly established rights."  *See* ECF No. 28 at 16.  As to the first prong, Plaintiffs boldly claim that

_____

to military contractors exercising a discretionary governmental function."  *Id.* (citing *Boyle*, 487 U.S. at 524-25 (Brennan, J., dissenting)).  But courts have observed that "[e]xplicit language" in *Boyle* indicates the limited nature of this defense.  *Chesney*, 782 F. Supp. 2d at 582 (citing *Boyle*, 487 U.S. at 505 n.1 (noting that "Justice Brennan's dissent misreads our discussion" and observing that the issue of immunity for government contractors was "not before us")).  *Cabalce* simply relied on this *In re Hanford* passage in its discussion of Derivative Sovereign Immunity—which, again, is a "distinct doctrine."  797 F.3d at 731-32.

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 11 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

"psychologists" are not "entitled to immunity at common law in circumstances even remotely comparable to those alleged here." *Id.* at 16-17. This is incorrect.

Notably, the proper focus under the first prong of *Filarsky* is on the government "function" being delegated—not the position or title of the person who undertakes the performance. *Butters v. Vance Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000); *Al Shimari*, 679 F.3d at 263 (Niemeyer, J., dissenting) ("The Supreme Court has made clear that immunity attaches to the ***function*** being performed, and private actors who are hired by the government to perform public functions are entitled to the same immunities [as] public officials[.]") (emphasis in original).

What mattered in *Filarsky* was not that the defendant was a private attorney; it was that he was performing an investigatory function for the local government. 132 S. Ct. at 1667. So too, what matters here is not that Defendants are psychologists; it is that they were performing national security support functions for the government. In such situations, military contractors have consistently been held immune. *See, e.g., Saleh v. Titan Corp.*, 580 F.3d 1, 2 (D.C. Cir. 2009) (private military contractors providing interpretation/interrogation services to the U.S. in Iraq immune); *McKay v. Rockwell Int'l Corp.*, 704 F.2d 444, 448-49 (9th Cir. 1983), *cert denied*, 464 U.S. 1043 (1984) (collecting cases).

But even if this Court were to accept Plaintiffs' premise, psychologists performing similar reporting/advising "function[s]" for the government of the kind seen here ***have*** been held immune under the common law. Washington courts

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 12 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

have consistently recognized that "[w]hen psychiatrists or mental health providers are appointed by the court and render an advisory opinion . . . on a criminal defendant's mental condition, they are acting as an arm of the court and are protected from suit by absolute judicial immunity." *See Bader v. State*, 43 Wn. App. 223, 226, 716 P.2d 925 (1986) (citations omitted); *Tobias v. State*, 52 Wn. App. 150, 158-59, 758 P.2d 534 (1988) (mental health professionals reporting on defendant's mental condition immune) (citing RCW 10.77.060); *Taggart v. State*, 118 Wn.2d 195, 213, 822 P.2d 243 (1992) (parole officer immune when providing report); *Reddy v. Karr*, 102 Wn. App. 742, 748-50, 9 P.3d 927 (2000) (private person ordered to do an "investigation and prepare an evaluation" to determine child's primary residential parent was "act[ing] as an arm of the court" and was immune). Likewise, Washington law offers qualified immunity for mental health professionals and others involved in involuntary commitments. *See* RCW 71.05.120; *see also Volk v. Demeerleer*, 184 Wn. App. 389, 422, 337 P.3d 372 (2014), *review granted*, 183 Wn.2d 1007, 352 P.3d 188 (2015) ("In 1987, the legislature enacted a new involuntary treatment act that provides limited immunity to mental health professionals in the . . . involuntary commitment. This immunity already applied to public and law enforcement officers . . . in 1973.").[6]

---

[6]    Other courts agree. *See, e.g., Von Staich v. Atwood*, 2011 U.S. Dist. LEXIS 83705, at *8 (C.D. Cal. Feb. 22, 2011) (noting that "the Ninth Circuit has held that a court-appointed psychologist has quasi-judicial immunity . . . for acts committed

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 13 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

Here, the CIA selected Defendants to prepare a report evaluating effective countermeasures to defeat al Qa'ida members' resistance to interrogation. Compl. ¶¶ 22-24. Defendants were therefore acting as an "arm" of the government in preparing reports regarding the appropriate treatment of potentially dangerous individuals, just like the foregoing psychologists and mental health professionals.

As to the second *Filarsky* prong, Plaintiffs argue that Defendants "remain liable" because they "violated well-established prohibitions" against torture, cruel, inhuman, or degrading treatment, nonconsensual experimentation, and war crimes. ECF No. 28 at 17. But even if this could bar immunity, these "prohibitions" were not "well-established." *Al Shimari*, 2015 U.S. Dist. LEXIS 107511, at *35-42.

## III. PLAINTIFFS HAVE NOT STATED VALID ATS CLAIMS.

Plaintiffs incorrectly claim that they have sufficiently alleged ATS claims for torture and non-consensual human medical experimentation. In making this argument, Plaintiffs conclude that they endured "severe pain or suffering" without providing supporting authority (or addressing Defendants' contrary authority).

---

'in the performance of an integral part of the judicial process,' such as preparing and submitting medical reports[.]") (citations omitted); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 663 (E.D. Pa. 2014) (citing *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (psychiatrist who performed evaluation of prisoner absolutely immune); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (psychologist who performed evaluation of sex offender absolutely immune)).

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 14 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

ECF No. 27 at 7.  They also accuse Defendants of seeking to improperly narrow the norm of non-consensual human medical experimentation.  But it was ***the court*** in *Abdullahi v. Pfizer*, that narrowly-defined the norm as "prohibiting ***medical*** experimentation on human subjects without their consent," and applied it only in the pharmaceutical context.  562 F.3d 163, 187 (2d Cir. 2009) (emphasis added). Plaintiffs' claim thus seeks to expand the application of the ATS under a norm that no court has relied on in over seven years.[7]

## CONCLUSION

For the above reasons, and those contained in Defendants' Motion to Dismiss, ECF No. 27, this Court should grant Defendants' Motion to Dismiss.

DATED this 2nd day of March, 2016.

BETTS, PATTERSON & MINES P.S.

By: *s/ Christopher W. Tompkins*
Christopher W. Tompkins, WSBA #11686
ctompkins@bpmlaw.com
Betts, Patterson & Mines, P.S.
701 Pike Street, Suite 1400
Seattle WA 98101-3927

---

[7]  Plaintiffs have also not alleged an "international armed conflict" to support their war crimes claim because the conflict between the U.S. and al Qa'ida is "not of an international character."  *See Hamdan v. Rumsfeld*, 548 U.S. 557, 631-32 (2006).

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 15 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

1
2
3

Henry F. Schuelke III, admitted *pro hac vice*
hschuelke@blankrome.com
Blank Rome LLP
600 New Hampshire Ave NW
Washington, DC 20037

4
5
6
7

James T. Smith, admitted *pro hac vice*
smith-jt@blankrome.com
Brian S. Paszamant, admitted *pro hac vice*
paszamant@blankrome.com
Blank Rome LLP
One Logan Square, 130 N 18th Street
Philadelphia, PA 19103

8
9

Attorneys for Defendants Mitchell and Jessen

10

11

12

13

14

15

16

17

18

19

20

21

22

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 16 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

1

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of March, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

3

4

5

LaRond Baker
lbaker@aclu-wa.org
ACLU of Washington Foundation
901 Fifth Ave, Suite 630
Seattle, WA  98164

6

7

8

Steven M. Watt, admitted *pro hac vice*
swatt@aclu.org
Dror Ladin, admitted *pro hac vice*
dladin@aclu.org
Hina Shamsi, admitted *pro hac vice*
hshamsi@aclu.org
Jameel Jaffer, admitted *pro hac vice*
jjaffer@aclu.org
ACLU Foundation
125 Broad Street, 18th Floor
New York, NY  10007

9

10

11

12

13

14

15

Paul Hoffman
hoffpaul@aol.com
Schonbrun Seplow Harris & Hoffman, LLP
723 Ocean Front Walk, Suite 100
Venice, CA  90291

16

17

18

By _s/ Shane Kangas_
    Shane Kangas
    skangas@bpmlaw.com
    Betts, Patterson & Mines, P.S.

19

20

21

22

REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(1) AND 12(b)(6)
NO. 2:15-CV-286-JLQ
139114.00602/102034826v.1

- 17 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988