1  **BETTS, PATTERSON & MINES P.S.**
2  Christopher W. Tompkins (WSBA #11686)
   CTompkins@bpmlaw.com
3  701 Pike Street, Suite 1400
   Seattle, WA 98101-3927
4

5  **BLANK ROME LLP**
   Henry F. Schuelke III (admitted *pro hac vice*)
6  HSchuelke@blankrome.com
7  600 New Hampshire Ave NW
   Washington, DC 20037
8

9  James T. Smith (admitted *pro hac vice*)
   Smith-jt@blankrome.com
10 Brian S. Paszamant (admitted *pro hac vice*)
11 Paszamant@blankrome.com
   One Logan Square, 130 N. 18th Street
12 Philadelphia, PA 19103

13
   Attorneys for Defendants Mitchell and Jessen
14

15        **UNITED STATES DISTRICT COURT**
        **FOR THE EASTERN DISTRICT OF WASHINGTON**
16                    **AT SPOKANE**

17 | | |
18 SULEIMAN ABDULLAH SALIM,      NO. 2:15-CV-286-JLQ
   MOHAMED AHMED BEN SOUD,
19 OBAID ULLAH (as personal       **DEFENDANTS' ANSWER**
   representative of GUL RAHMAN), **AND AFFIRMATIVE**
20                                **DEFENSES**
            Plaintiffs,
21
        vs.
22
   JAMES ELMER MITCHELL and
23 JOHN "BRUCE" JESSEN,

24
            Defendants.
25

ANSWER AND AFFIRMATIVE
DEFENSES
NO. 2:15-CV-286-JLQ

139114.00602/102197839v.6

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

Defendants James Elmer Mitchell ("Mitchell") and John "Bruce" Jessen ("Jessen", and collectively with Mitchell, "Defendants") for Answer and Affirmative Defenses to Plaintiffs' Complaint (the "Complaint"), deny all allegations not expressly admitted herein and aver as follows:

### DEFENDANTS' PREAMBLE

The United States has taken the position that Defendants possess information that the United States considers "classified" and, in addition, are bound by non-disclosure agreements which restrict Defendants' ability to disclose classified or other information. The United States has provided Defendants with general guidance identifying those subject matters that the United States maintains remain classified. But, despite this general guidance, a level of uncertainty remains, which adversely effects Defendants' ability to respond fully to the Complaint's allegations. This hindrance is expressly incorporated into each of Defendants' responses below. Additionally, Defendants deny that they committed torture, cruel, inhuman and degrading treatment, non-consensual human experimentation and/or war crimes, and will not specifically deny such allegations each time that they are alleged herein. Defendants also deny that they devised, administered and/or implemented a torture program, and will not specifically deny such allegations each time they are alleged herein.

ANSWER AND AFFIRMATIVE DEFENSES

- 1 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

# I. INTRODUCTION

1.      Admitted in part; denied in part.  Defendants admit that they are psychologists.  The remaining allegations contained within this paragraph of Plaintiff's Complaint are denied.

2.      Admitted in part; denied in part. Defendants admit only that the United States Central Intelligence Agency ("CIA") sought and secured appropriate authorizations for what became known as the CIA's Enhanced Interrogation Technique ("EIT") Program.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

3.      Admitted in part; denied in part.  Defendants admit only, upon information and belief, that Gul Rahman ("Rahman") is deceased.  Defendants are unfamiliar with Plaintiffs Suleiman Abdullah Salim ("Salim") and Mohamed Ahmed Ben Soud ("Soud"), were not involved in any activities involving these Plaintiffs and/or the alleged results of such activities, and therefore lack knowledge concerning these Plaintiffs and deny the allegations contained within this paragraph of Plaintiffs' Complaint concerning these Plaintiffs.  Defendants deny the remaining allegations contained within this paragraph concerning Rahman.

4.      Denied.  The allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are

ANSWER AND AFFIRMATIVE DEFENSES

- 2 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

therefore denied.   Defendants further deny that they committed torture, cruel, inhuman and degrading treatment, non-consensual human experimentation and/or war crimes.

## II. JURISDICTION AND VENUE

5.      Denied.  The allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are therefore denied.

6.      Admitted in part; denied in part.  Defendants admit only that Jessen lives in Spokane, Washington.   The remaining allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are therefore denied.

7.      Admitted in part; denied in part.  Defendants admit only that at one point Mitchell had business activities in Spokane, Washington.   The remaining allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are therefore denied.

8.      Denied.  The allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are therefore denied.

ANSWER AND AFFIRMATIVE
DEFENSES

- 3 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

### III. PARTIES

9.     Denied.   Defendants can neither admit nor deny the allegations contained within this paragraph of Plaintiffs' Complaint, and therefore deny such allegations.

10.    Denied.   Defendants can neither admit nor deny the allegations contained within this paragraph of Plaintiffs' Complaint, and therefore deny such allegations.

11.    Admitted in part.   Defendants admit only, upon information and belief, that Rahman is deceased, and that Plaintiff Obaid Ullah ("Ullah") purports to be Rahman's personal representative.  Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint concerning Rahman's capture, rendition and/or the location of the facility(ies) where Rahman was detained falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.   After reasonable investigation, Defendants can neither admit nor deny the remaining allegations contained within this paragraph of Plaintiffs' Complaint, and therefore neither admit nor deny such allegations.

ANSWER AND AFFIRMATIVE
DEFENSES
- 4 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

12.    Admitted in part.    Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint concerning the entity identified within this paragraph falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.    The remaining allegations contained within this paragraph of Plaintiffs' Complaint are admitted.

13.    Admitted in part.    Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint concerning the entity identified within this paragraph falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.    The remaining allegations contained within this paragraph of Plaintiffs' Complaint are admitted.

## IV. LEGAL FRAMEWORK

14.    Denied.  The allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are therefore denied.  To the extent that a response is required, the Alien Tort Statute, 28 U.S.C. § 1350 (the "ATS") speaks for itself, and the allegations contained

ANSWER AND AFFIRMATIVE
DEFENSES                                    - 5 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

within this paragraph of Plaintiffs' Complaint, which purport to summarize and/or characterize the ATS and/or decisional law concerning the ATS are therefore denied.

15.    Denied.  The allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are therefore denied.  To the extent that a response is required, Defendants deny that any action taken by either or both of Defendants constitutes torture, cruel, inhuman or degrading treatment, non-consensual human experimentation, war crimes and/or is actionable under the ATS.

16.    Denied.

17.    Denied.

18.    Admitted in part; denied in part.  Defendants admit only that they are United States citizens and that they live within the United States.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

19.    Denied.  The allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are therefore denied.

ANSWER AND AFFIRMATIVE DEFENSES

- 6 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

# V. FACTUAL ALLEGATIONS

**GENERAL FACTS**

20.    Admitted in part; denied in part.  Defendants admit that the following documents exist: (1) the CIA's June 2013 Response to the Senate Select Committee on Intelligence's Study on the Former Detention and Interrogation Program (the "CIA June 2013 Response"); (2) the CIA Office of Inspector General Special Review of Counterterrorism Detention and Interrogation Activities (Sept. 2001-Oct. 2003) (the "CIA OIG Report"); (3) the Senate Committee on Armed Services Inquiry into the Treatment of Detainees in U.S. Custody (the "SASC Report"); and (4) the report of the Department of Justice's Office of Professional Responsibility Investigation into the Office of Legal Counsel's Memoranda Concerning Issues Relating to the Central Intelligence Agency's Use of "Enhanced Interrogation Techniques" on Suspected Terrorists.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

21.    Admitted in part; denied in part.  Defendants admit that the Executive Summary of the Senate Select Committee on Intelligence Study of the CIA's Detention and Interrogation Program (the "SSCI Report") exists and was publicly released on or about December 9, 2014, and that the Report refers to Plaintiffs Salim and Soud, and Rahman.  The remaining allegations contained within this

ANSWER AND AFFIRMATIVE DEFENSES

— 7 —

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are therefore denied.  Moreover, the SSCI Report is a written document, and the allegations contained within this paragraph of Plaintiffs' Complaint, which purport to summarize and/or characterize the SSCI Report, are therefore denied.

**The Contention that Defendants Devised a Torture Program for the CIA.**

22.    Admitted in part; denied in part.  Defendants admit only that there exists a document referred to as the Manchester Manual, and that Defendants have seen the Manchester Manual.  Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint concerning how the Manchester Manual was found and/or by whom, or Defendants' alleged review of the Manchester Manual, falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required, and are therefore denied.  By way of further response, Defendants have no knowledge concerning what the CIA believed the Manchester Manual to represent.

ANSWER AND AFFIRMATIVE
DEFENSES

- 8 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

23.    Admitted in part; denied in part.  Defendants admit that the CIA requested that Mitchell review the Manchester Manual and that Jessen assisted with that review.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.  By way of further response, Defendants have no knowledge concerning what the CIA believed or did.

24.    Admitted in part.  Defendants admit that they produced a document for the CIA entitled "Recognizing and Developing Countermeasures to Al-Qa'ida Resistance to Interrogation Techniques: A Resistance Training Perspective."  Defendants believe that any response to the remaining allegations contained within this paragraph of Plaintiffs' Complaint falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.

25.    Defendants interpret the allegations contained within this paragraph of Plaintiffs' Complaint to refer to the document referenced in paragraph 24 of Plaintiffs' Complaint.  As such, Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint falls within information asserted by the United States to be classified and/or covered by

ANSWER AND AFFIRMATIVE DEFENSES                    - 9 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.

26.     Defendants interpret the allegations contained within this paragraph of Plaintiffs' Complaint to refer to the document referenced in paragraph 24 of Plaintiffs' Complaint.   As such, Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.

27.     Admitted in part; denied in part.  Defendants admit that Jessen has been an instructor in the Survival, Evasion, Resistance and Escape ("SERE") programs and that the SERE programs help train military personnel to resist interrogation.   They also admit that Mitchell has provided specialized SERE instruction.   The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

28.     Admitted in part; denied in part.  Defendants admit, upon information and belief, that a declassified version of the SERE training manual contains phraseology similar, if not identical, to that contained in this paragraph of

ANSWER AND AFFIRMATIVE DEFENSES
- 10 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

Plaintiffs' Complaint.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

29.    Denied.

30.    Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.

**The Contention that Defendants test, apply, and refine torture.**

31.    Denied.  Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint concerning how Abu Zubaydah ("Zubaydah") was captured or rendered, or the involvement, if any, of any foreign government operatives falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.  By way of further response, Defendants lack knowledge of the remaining allegations contained within this paragraph of Plaintiffs' Complaint, and therefore deny them.

32.    Admitted in part; denied in part.  Defendants admit that on or about April 1, 2002, the CIA contracted with Mitchell to provide real-time

ANSWER AND AFFIRMATIVE DEFENSES

- 11 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

recommendations to overcome Zubaydah's resistance to interrogation. The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

33.    Admitted in part; denied in part.  Defendants admit, upon information and belief, that FBI agents interrogated Zubaydah while he was hospitalized, that Zubaydah confirmed his identity to the FBI agents and that Zubaydah advised the FBI agents that he wanted to cooperate.  Defendants lack knowledge as to the medical care, if any, FBI agents provided Zubaydah and/or those FBI agent's proximity to Zubaydah while he was hospitalized, and therefore deny these allegations contained within this paragraph of Plaintiffs' Complaint. The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

34.    Admitted in part; denied in part.  Defendants admit that Mitchell was advised that Zubaydah was withholding information, and that Mitchell recommended that Zubaydah not be provided with any amenities, his sleep be disrupted and that noise be fed into Zubaydah's cell.  They also admit that in early April 2002, CIA Headquarters sent Mitchell to Green to consult with regard to the psychological aspects of Zubaydah's interrogation.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

ANSWER AND AFFIRMATIVE DEFENSES

- 12 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

35.    Admitted in part; denied in part.  Defendants admit only that the White House transferred full responsibility of Zubaydah's interrogation to the CIA. Defendants lack knowledge concerning the message attributed to an FBI special agent within this paragraph of Plaintiffs' Complaint, and therefore deny such allegation.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

36.    Denied.

*Phase I: Claimed "Setting the conditions" for "learned helplessness"*

37.    Denied.

38.    Admitted in part; denied in part. Defendants admit that Zubaydah was stripped naked, confined and that his cell was lit by halogen lamps 24 hours/day for a period of time.  They admit that Zubaydah's cell was subjected to rock music or other noise that was also present outside his cell.  They also admit that Zubaydah was repeatedly interrogated for a period of time.  Defendants do not believe that they have any knowledge of the source document purportedly quoted within this paragraph of Plaintiffs' Complaint, and therefore deny such allegations. The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

ANSWER AND AFFIRMATIVE DEFENSES

- 13 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

39.    Denied.  Defendants lack knowledge as to why the CIA did what it did, and therefore deny such allegations contained within this paragraph of Plaintiffs' Complaint.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

40.    Denied.

*Phase II: Claimed "Aggressive Phase" of torture and cruel, inhuman, and degrading treatment.*

41.    Admitted in part; denied in part.  Defendants admit that in July 2002 Mitchell and the CIA assessed Zubaydah as uncooperative.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

42.    Admitted in part; denied in part.  Defendants admit that in July 2002 the CIA contracted with Jessen based upon Mitchell's recommendation.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

43.    Admitted in part; denied in part.  Defendants admit that those items delineated by (1)-(9) within this paragraph of Plaintiffs' Complaint were contained within a list provided by Defendants to the CIA.  Defendants lack knowledge as to what the CIA agreed to propose, and therefore deny these allegations contained

ANSWER AND AFFIRMATIVE DEFENSES

- 14 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

within this paragraph of Plaintiffs' Complaint.   The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

44.     Denied.   Defendants have no knowledge of the verbal approvals identified within this paragraph of Plaintiffs' Complaint, and therefore deny these allegations.    The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

45.     Denied.  The August 1, 2002 OLC Memorandum speaks for itself, and Plaintiffs' characterization of that document within this paragraph of Plaintiffs' Complaint is denied.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

46.     Denied.

47.     Admitted in part; denied in part. Defendants admit that on an occasion security personnel entered Zubaydah's cell and shackled and hooded him.  They also admit that Jessen placed a rolled up towel behind Zubaydah's neck and "walled" him three or four times.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

48.     Admitted in part; denied in part.  Defendants admit that they placed Zubaydah in boxes of the variety described in this paragraph of Plaintiffs'

ANSWER AND AFFIRMATIVE
DEFENSES

- 15 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

Complaint.    The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

49.    Admitted in part; denied in part.    The first two sentences of this paragraph of Plaintiffs' Complaint are admitted, except that the referenced action is referred to as "walling".    Defendants also admit that they used facial slaps, abdominal slaps and facial grabs on Zubaydah in connection with asking Zubaydah about information about terrorist operations planned against the United States.    The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

50.    Admitted in part; denied in part.    Defendants admit that they administered the waterboard to Zubaydah, but do not recall specifically when this technique was first administered.    The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

51.    Admitted in part; denied in part.    Defendants admit that over a period of time, they administered to Zubaydah walling, facial and abdominal slaps, facial holds, sleep deprivation and waterboarding, and placed Zubaydah in cramped confinement.    The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

ANSWER AND AFFIRMATIVE DEFENSES

- 16 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

52.     Admitted in part; denied in part.  Defendants admit that Zubaydah cried, and that as time progressed Zubaydah became compliant.  They also admit that on at least one occasion Zubaydah walked to the water table and sat down when one of the interrogators raised an eyebrow.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

53.     Denied.

54.     Admitted in part; denied in part.  Defendants admit that some of the interrogation team were affected by the interrogation and the techniques used therein.  They also admit, upon information and belief, that the CIA destroyed the videotapes of the interrogations.  Defendants lack knowledge of the mindset of the CIA observers as alleged in this paragraph of Plaintiffs' Complaint, and therefore deny such allegations.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

55.     Denied.  Defendants have no access to the document purportedly quoted within this Paragraph of Plaintiffs' Complaint, and therefore deny such allegations for lack of knowledge.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

56.     Denied.  Defendants have no access to the source document purportedly quoted within this Paragraph of Plaintiffs' Complaint, and therefore

ANSWER AND AFFIRMATIVE DEFENSES

- 17 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

deny such allegations for lack of knowledge. The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

57.    Denied.

58.    Denied.

59.    Denied. Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations. By way of further response, the December 30, 2004, Memorandum referenced within this paragraph of Plaintiffs' Complaint is a written document, and Plaintiffs' characterization of this document within their Complaint is denied.

60.    Denied. Defendants lack sufficient knowledge to respond to the allegations contained within this paragraph of Plaintiffs' Complaint, and therefore such allegations are denied.

61.    Denied.

62.    Denied.

63.    Denied.

ANSWER AND AFFIRMATIVE DEFENSES

- 18 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

64.    Admitted in part; denied in part.  Defendants admit that they received taxable compensation of $1,800/day from the CIA.  The June 2013 CIA Response referenced within this paragraph of Plaintiffs' Complaint is a written document, and Plaintiffs' characterization of this document within their Complaint is denied.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

65.    Admitted in part; denied in part.  It is admitted that, to Defendants' knowledge, an independent researcher was never hired.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

66.    Admitted in part; denied in part.  It is admitted that Defendants received taxable compensation of $1,800/day from the CIA.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

67.    Admitted in part.  Defendants admit, upon information and belief, that the number of detainees in CIA custody increased for a period of time.  Defendants believe that any response to the remaining allegations contained within this paragraph of Plaintiffs' Complaint falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.

ANSWER AND AFFIRMATIVE DEFENSES

- 19 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

68.    Admitted in part.  Defendants admit, upon information and belief, that through 2010 an entity owned, in part, by Defendants was paid approximately $81 million by the CIA.  Defendants believe that any response to the remaining allegations contained within this paragraph of Plaintiffs' Complaint falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.

69.    Denied.  Defendants lack knowledge concerning the number of individuals interrogated by the CIA, and therefore deny such allegations contained within this paragraph of Plaintiffs' Complaint.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

70.    Admitted in part; denied in part.  Defendants admit that Rahman was interrogated by the CIA.  Defendants possess no knowledge concerning Salim or Soud, and therefore deny the allegations contained within this paragraph of Plaintiffs' Complaint concerning these individuals.  The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

**SPECIFIC ALLEGATIONS BY PLAINTIFFS**

**Suleiman Abdullah Salim**

71.-116.    Denied.  Defendants have no knowledge of, and played no role

ANSWER AND AFFIRMATIVE
DEFENSES

- 20 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

in any interrogation of Salim, and therefore deny the allegations of paragraphs 71-116 of Plaintiffs' Complaint for lack of knowledge.

**Mohamed Ahmed Ben Soud (formerly Mohamed Shoroeiya, Abd al-Karim)**

117.-154.    Denied.  Defendants have no knowledge of, and played no role in any interrogation of Soud, and therefore deny the allegations of paragraphs 117-154 of Plaintiffs' Complaint for lack of knowledge.

**Gul Rahman**

155. Denied.   Defendants lack knowledge concerning the allegations contained within this paragraph of Plaintiffs' Complaint, and therefore deny such allegations.

156. Denied.   Defendants lack knowledge concerning the allegations contained within this paragraph of Plaintiffs' Complaint, and therefore deny such allegations.

157. Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint concerning Rahman's capture, rendition, the involvement of foreign governments, if any, in Rahman's capture and/or rendition, and/or the location of the facility(ies) where Rahman was detained falls within information asserted by the United States to be classified

ANSWER AND AFFIRMATIVE DEFENSES

- 21 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.

158. Defendants believe that any response to the allegations contained within this paragraph of Plaintiffs' Complaint falls within information asserted by the United States to be classified and/or covered by Defendants' non-disclosure agreements with the United States, and therefore neither admit nor deny such allegations.

159. Denied. The allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained within this paragraph of Plaintiffs' Complaint are denied.

160. Admitted in part; denied in part. Defendants admit that in November 2002 Jessen was asked to evaluate Rahman, that Jessen administered a facial slap to Rahman and that Jessen determined that he was resistant. The remaining allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

ANSWER AND AFFIRMATIVE DEFENSES

- 22 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

161.   Admitted in part; denied in part.   Defendants admit that Jessen observed Rahman being dragged down a hallway on one occasion and that such dragging appeared to result in abrasions to Rahman's legs.   It is also believed that Jessen may have described the rough takedown that he observed as planned and rehearsed, and may have suggested that an interrogator speak with a detainee after a rough takedown is performed.   Defendants have no access to the source documents cited within this paragraph of Plaintiffs' Complaint.   The remaining allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required.   To the extent that a response is required, the remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

162.   Denied.   The allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions to which no response is required.   To the extent that a response is required, Defendants lack knowledge as to what occurred vis-à-vis Rahman after Jessen's departure, and therefore deny such allegations contained in this paragraph of Plaintiffs' Complaint.   The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

163.   Denied.   Defendants lack knowledge as to what occurred vis-à-vis Rahman after Jessen ceased to have any involvement with Rahman, and therefore

ANSWER AND AFFIRMATIVE
DEFENSES                                   - 23 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

deny such allegations contained in this paragraph of Plaintiffs' Complaint. The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

164. Admitted in part; denied in part. Defendants admit, upon information and belief, that Rahman is dead. Defendants lack knowledge as to what occurred vis-à-vis Rahman after Jessen ceased to have any involvement with Rahman, and therefore deny such allegations contained in this paragraph of Plaintiffs' Complaint. The remaining allegations contained within this paragraph of Plaintiffs' Complaint are denied.

165. Denied. Defendants have no knowledge concerning the allegations contained in this paragraph of Plaintiffs' Complaint which purport to summarize written reports, the contents of which speak for themselves and, as such, are denied. Further, to the extent that the allegations contained within this paragraph of Plaintiffs' Complaint constitute legal conclusions, no response is required and, in any event, such allegations are denied.

166. Denied. Defendants lack knowledge concerning the allegations contained within this paragraph of Plaintiffs' Complaint, and such allegations are therefore denied.

ANSWER AND AFFIRMATIVE DEFENSES

- 24 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

1    167.  Denied.  Defendants lack knowledge concerning the allegations

2    contained within this paragraph of Plaintiffs' Complaint, and such allegations are

3    therefore denied.

4

5                              **VI. CAUSES OF ACTION**

6                              **First Claim for Relief**

7    **Alien Tort Statute: Torture and Other Cruel, Inhuman, and Degrading**

8                                    **Treatment**

9

10    168.-173.    Denied.

11                             **Second Claim for Relief**

12

13    **Alien Tort Statute: Non-Consensual Human Experimentation**

14    174.-179.    Denied.

15                             **Third Claim for Relief**

16

17                        **Alien Tort Statute: War Crimes**

18    180.-185.    Denied.

19                          **VII. REQUEST FOR RELIEF**

20

21    WHEREFORE, Defendants respectfully request that the Court dismiss

22    Plaintiffs' Complaint in its entirety and enter judgment in Defendants' favor,

23    award Defendants their costs incurred in connection with this action, and grant

24    Defendants all such other and further relief as the Court deems appropriate.

25

ANSWER AND AFFIRMATIVE
DEFENSES                        - 25 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' claims are barred, in whole or in part, by application of the Political Question Doctrine.

2. Plaintiffs' claims are barred, in whole or in part, by application of Derivative Sovereign Immunity, the doctrine of justification and/or the doctrine of privilege.

3. Plaintiffs' claims are barred, in whole or in part, as they do not satisfy one or more of the elements of the ATS.

4. Plaintiffs' have failed to state a claim upon which relief may be granted.

5. Plaintiffs' claims are barred, in whole or in part, by application of the Detainee Treatment Act.

6. Plaintiffs' claims are barred, in whole or in part, because all of the actions taken by Defendants were legal and authorized.

7. Plaintiffs' claims are barred, in whole or in part, because all of the actions taken by Defendants were believed by Defendants to be legal and authorized.

8. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

9.    Plaintiffs' claims are barred, in whole or in part, because the United States is an indispensable party to this action.

10.    Plaintiffs' claims are barred, in whole or in part, by virtue of the United States' classification of certain information and/or documentation as classified, and Defendants' resulting inability to secure such information and/or documentation for purposes of mounting a defense.

11.    Plaintiffs' injuries and damages, if any, were caused by parties other than Defendants, over whom Defendants had no control.

12.    Plaintiffs' claims are barred, in whole or in part, because Defendants' actions were not the proximate cause of any damage to Plaintiffs.

13.    The conduct complained of by Plaintiffs is not susceptible to an award of punitive damages and/or is otherwise limited based upon constitutional protections impacting the award of such damages.

14.    If discovery should disclose that Plaintiffs have failed to mitigate damages in any way, Defendants reserve the right to advance this failure as an affirmative defense.

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

DATED this 21st day of June, 2016.

BETTS, PATTERSON & MINES P.S.

By:  *s/ Christopher W. Tompkins*
  Christopher W. Tompkins, WSBA #11686
  ctompkins@bpmlaw.com
  Betts, Patterson & Mines, P.S.
  701 Pike Street, Suite 1400
  Seattle WA 98101-3927

  Henry F. Schuelke III, admitted *pro hac vice*
  hschuelke@blankrome.com
  Blank Rome LLP
  600 New Hampshire Ave NW
  Washington, DC 20037

  James T. Smith, admitted *pro hac vice*
  smith-jt@blankrome.com
  Brian S. Paszamant, admitted *pro hac vice*
  paszamant@blankrome.com
  Blank Rome LLP
  One Logan Square, 130 N 18th Street
  Philadelphia, PA 19103
  Attorneys for Defendants Mitchell and Jessen

ANSWER AND AFFIRMATIVE
DEFENSES

- 28 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Emily Chiang
echiang@aclu-wa.org
ACLU of Washington Foundation
901 Fifth Ave, Suite 630
Seattle, WA  98164

Steven M. Watt, admitted *pro hac vice*
swatt@aclu.org
Dror Ladin, admitted *pro hac vice*
dladin@aclu.org
Hina Shamsi, admitted *pro hac vice*
hshamsi@aclu.org
Jameel Jaffer, admitted *pro hac vice*
jjaffer@aclu.org
ACLU Foundation
125 Broad Street, 18th Floor
New York, NY  10007

Paul Hoffman
hoffpaul@aol.com
Schonbrun Seplow Harris & Hoffman, LLP
723 Ocean Front Walk, Suite 100
Venice, CA  90291

ANSWER AND AFFIRMATIVE
DEFENSES

- 29 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Andrew L. Warden
andrew.warden@usdoj.gov
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington, DC  20530

By *s/ Karen Langridge*
Karen Langridge
klangridge@bpmlaw.com
Betts, Patterson & Mines, P.S.

ANSWER AND AFFIRMATIVE
DEFENSES

- 30 -

Betts
Patterson
Mines
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
(206) 292-9988

139114.00602/102197839v.6