UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES ELMER MITCHELL and
JOHN JESSEN,

               Petitioners,

     vs.

UNITED STATES OF AMERICA,

               Respondent.

_____

)
)
)
)
)
)
)
)
)
)
)
)

No. 16-MC-0036-JLQ

ORDER RE: MOTION TO
COMPEL

**Related Case:**

SULEIMAN ABDULLAH SALIM, et al.,

               Plaintiffs,

          vs.

JAMES E. MITCHELL and JOHN
JESSEN,

               Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

No.  CV-15-0286-JLQ

ORDER RE: MOTION FOR
PROTECTIVE ORDER

      BEFORE THE COURT are several motions: Petitioners/Defendants Mitchell and
Jessen's Motion to Compel (ECF No. 1 in case # 16-mc-36), the Government's
Response/Cross-Motion to Quash or Modify Subpoena (ECF No. 19 in case #16-mc-36),
and the Government's Motion for Protective Order (ECF No. 73 in case # 15-286).
Hearing was held on the Motions on September 29, 2016.  Dror Ladin appeared for
Plaintiffs.  James Smith and Brian Paszamant appeared for Petitioners/Defendants.
Andrew Warden, a Department of Justice (DOJ) attorney, appeared on behalf of the
Government.  This Order memorializes and supplements the court's oral rulings.

### I. Introduction

Petitioners James Mitchell and John Jessen in the miscellaneous action, 16-mc-0036, are the Defendants in the related case, *Salim et al. v. Mitchell et al.*, 15-286-JLQ, and are referred to as Defendants herein.  Defendants move to compel Respondent (hereafter the "Government") to produce documents under Fed.R.Civ.P. 45.   The Motion to Compel states Defendants issued subpoenas to the Central Intelligence Agency ("CIA") and Department of Justice ("DOJ") on June 27th and 28th, 2016.  (ECF No. 1, p. 7). The subpoenas sought compliance (the production of documents) by August 1, 2016, in Washington, D.C.

The Government states it served written objections to the subpoenas on July 19, 2016. (ECF No. 10, p. 9).  The Government objected, in part, based on the claims of overbreadth of the requests and burden to the Government.  However, despite the objections, the Government states it expressed a "willingness to work with Defendants to narrow the scope of the document requests in order to facilitate production of a more focused and limited set of information." (*Id.* at 10).  The Government states it "has (and continues to) produce documents responsive to the subpoenas". (*Id.*).  The correspondence between counsel for the Government and counsel for Defendants, which is attached to some of the recent filings, indicates the parties were communicating and discussed alternative proposals, one of which was utilizing a Fed.R.Civ.P. 30(b)(6) deponent in order to minimize the burden of document production.  On August 22, 2016, Defendants filed the Motion to Compel in the District Court for the District of Columbia, and a Motion to Transfer to this court.  The Motion to Transfer was granted, and the Motion to Compel is now before this court as cause 16-MC-0036-JLQ.

In response to the Motion to Compel, the Government filed an Opposition brief/Cross-Motion to Quash or Modify Document Subpoenas (ECF No. 19).  Defendants filed a Reply (ECF No. 23). Plaintiffs, who are not formal parties to the pending motions have filed a brief (ECF No. 25). Finally, Defendants and the Government filed a Statement concerning unresolved issues pursuant to Local Rule 37.1.

At oral argument on September 29, 2016, the court cautioned counsel concerning the unique status of these discovery disputes.  The current stated disputes are not between the Plaintiffs and the Defendants.  Rather, the pleadings reflect disputes between the Government and the Defendants, the parties who allegedly entered into a contract for the Defendants to provide services to the Government concerning the enhanced interrogation program.  The court was informed an indemnity agreement exists between the Government and the Defendants and the Government is paying the Defendants' attorney fees, presumably including those for the obviously extensive services provided to the Defendants in the instant discovery dispute.  Concern is raised because it could appear that neither the Government or the Defendants have an interest in the prompt conclusion of pretrial matters and timely addressing the substantive legal and factual issues under the schedule set by this court in its Scheduling Order (ECF No. 59) dated July 8, 2016.  The Scheduling Order sets a discovery completion date of February 17, 2017, and a dispositive motion cut-off date of March 31, 2017.  The jury trial date is June 26, 2017. The court intends to hold firm to the scheduled dates and it would be completely inappropriate for the Government and the Defendants to take actions, or fail to act, in a manner that would interfere with the court's schedule or the right of the Plaintiffs to have their claims resolved in accordance with the Scheduling Order.

## II. The Motion to Compel

The parties have briefed the issue extensively. The court has considered all the briefing, but first focuses on the Rule 37.1 Statement (ECF No. 26) of unresolved issues. The Government and Defendants have agreed the DOJ subpoena may be limited to "require only production of the final legal advice that the DOJ provided about the CIA's former detention and interrogation program." (ECF No. 26, p. 2).   The Government and Defendants have also agreed to limit the search of documents regarding the CIA subpoena to documents in the CIA's RDINet database.  Plaintiffs' brief (ECF No. 25) reflects general agreement with these proposals.

The Government and Defendants continue to disagree on many subjects.  First,

Defendants do not agree with the Government's proposal production be limited to documents referenced in the SSCI Executive Summary Report.  <u>Second</u>, those parties disagree on the temporal scope of the subpoena.  <u>Third</u>, those parties continue to state disagreement on the substantive scope of the subpoenas.  Defendants state they want all of their requests complied with, and <u>unredacted</u> documents produced.  The Government states it wants the subpoenas quashed, or limited as suggested in its brief.  <u>Fourth</u>, the Government and the Defendants state disagreement on when Government privilege assertions need to be made.  <u>Fifth</u>, the Government and Defendants state disagreement on whether alternative proposals to document production should be pursued first (such as the Rule 30(b)(6) deposition).  The Government suggests alternative proposals should be pursued first.  The Defendants state the document production should continue and the depositions proceed.

On the first issue, the court agrees with Defendants.  The scope of the subpoena is not limited to documents referenced in the SSCI Executive Summary.  If other relevant and responsive documents, within the scope of discovery, are contained in the searchable RDINet database, those documents shall also be produced, subject to any subsequent Government assertions of privilege.

On the second issue of temporal scope,  the Government contends the relevant period of activity in this case ended in 2004, because that is when Plaintiffs were released, or in Mr. Rahman's circumstance, was deceased.  The Defendants seek the temporal scope extended to present.  The parties agree the relevant time frame began on September 11, 2001.  The court has ruled that as to documents which identify or refer to the two Defendants in this case and their involvement with any of the three Plaintiffs, the relevant time period extends from September 11, 2001 to present.  The parties acknowledge there are relevant documents in existence that were generated during investigations after the release of the Plaintiffs.  Defendants also request documents pertaining to Abu Zubaydah as relevant to Defendants alleged role in the design of the enhanced interrogation program.  From the parties' arguments, it appears Zubaydah was

the first detainee involved in the program, and according to the Government he remains in custody.  As to documents referencing Abu Zubaydah, the relevant time period is September 11, 2001 to August 1, 2004.

Third, as to the substantive scope of the subpoena, the proper scope is to focus on the actions of the two Defendants and the detention and interrogation of the three Plaintiffs.  Plaintiffs, Defendants, and the Government all agreed on the scope of discovery in Case # 15-286.  The parties filed a Stipulation (ECF No. 47) which set forth the scope of discovery at Paragraph 5.  The court issued an Order on June 15, 2016 (ECF No. 51, p. 2-3), which adopted the parties' stipulated limitation on the scope of discovery, which was as follows:

> Discovery shall focus on (1) the roles of Defendants and others in designing, promoting, and implementing the methods alleged in the Complaint, as related to Plaintiffs, including whether Defendants merely acted at the direction of the Government, within the scope of their authority, and that such authority was legally and validly conferred, and (2) Plaintiffs' detention, rendition, interrogation and alleged resulting injuries.  (ECF No. 51, p. 3).

Defendants claim (at ECF No. 23, p. 15) the court impliedly superseded that Order when it entered its Scheduling Order (ECF No. 59), just three weeks later on July 8, 2016. Defendants are incorrect.  The Scheduling Order contained this court's standard Rule 26 language and did not impliedly overrule the very specific Order on scope of discovery issued just three weeks earlier.  Defendants' argument lacks merit for another reason: the subpoenas were served in late-June, which was after the court's Order on the scope of discovery, and before the Scheduling Order was issued on July 8, 2016.  Defendants' argument the scope of a subpoena issued on June 28th was based on the court's July 8th Order lacks credibility.

Fourth, the Government and the Defendants state disagreement on whether the documents can be produced in redacted form and whether the Government must now formally assert privileges.  Given the Government's assertions that some of the relevant documents contain classified information, currently producing them with redactions during discovery is appropriate.  The court is herein directing the Government to file a

Statement identifying the rules/guidelines it is and has employed in redacting the documents.  However, the Government has asserted providing a formal privilege log at this juncture would be unduly burdensome.  The court will not require a formal privilege log at this time.

The fifth issue, concerning whether alternative proposals to document production should be pursued first, was not argued by the parties at the hearing.  The court will not require that such alternative proposals be pursued first, and instead will direct the Government to continue document production pursuant to the subpoena.  The parties may pursue alternate forms of discovery, such as the proposed Rule 30(b)(6) deposition, if they agree to do so.  It also appears Plaintiffs are receptive to the proposal (ECF No. 25, p. 9).

The Government's Response stated it had produced approximately 1,100 pages in response to the subpoena.  According to argument at the hearing, document production continued right up until the hearing and the Government has now produced approximately 1,500 pages.  The Government shall continue to respond to the subpoena in accord with the parameters set forth in this Order.

**III.  Motion for Protective Order**

The Government seeks a protective order concerning proposed oral depositions directing the Defendants to proceed first by deposition on written questions as to four former or current CIA officers: John Rizzo, Jose Rodriguez, Jonathan Fredman, and James Cotsana. (ECF No. 73, p. 2).  The Government contends the spontaneous nature of oral depositions could result in the inadvertent disclosure of classified information.  The Government contends it may be necessary to have several CIA officers attend such a deposition, including an Information Review Officer, "to guide the deponents in the appropriate scope or permissible content of the deponents' answers." (ECF No. 73, p. 7).  The Government contends an oral deposition could involve objections, instructions not to answer, and possibly delay to assess whether the question implicates classified information.

The Government's Motion is supported by the Declaration of Information Review Officer Antoinette Shiner (ECF No. 73-2). She claims an oral deposition of any of the four intelligence officers "carries with it great potential for inadvertent disclosure of classified information." (ECF No. 73-2, ¶ 3). She further states that former aspects of the interrogation program remain classified, such as "information pertaining to the location of program facilities, the identities of officers who served in the program, and the names of the countries who may have assisted the U.S. Government in facilitating program-related activities." (*Id.*). It is the court's impression a deposition could occur, within the scope of discovery in this case concerning these two Defendants and the three Plaintiffs, that would not necessitate the disclosure of classified information on the three subjects identified by Officer Shiner.

As to Mr. Cotsana, the Government contends that there is no publicly available information confirming that he had any part in the interrogation program and the Government cannot confirm or deny his participation in the program. Accordingly, the Government contends a deposition would be fruitless as the Government would object and instruct the witness not to answer any questions "that would tend to confirm or deny whether Mr. Cotsana had any involvement in the program." (ECF No. 73, p. 5).

Defendants opposed the Motion for Protective Order and argued a deposition on written questions under Fed.R.Civ.P. 31 is not an adequate substitute for an oral deposition. (ECF No. 78). Defendants argued written questions may be less efficient, given the likely need for follow up questions and the possibility of an oral deposition at a later time. Defendants also argued the Government's proposal is in contravention of the prior Stipulation concerning discovery procedures. The Stipulation provides in part: "Attorneys for the United States and representatives from appropriate Government agencies may attend all depositions and proceedings in this case and may make objections they deem necessary to prevent the unauthorized disclosure of privileged or classified information." (ECF No. 47, ¶ 14). The Stipulation further provides if an objection based on classified, protected, or privileged information is made, the "witness

shall be precluded from responding to any questions to which objection is made pending further order of the Court." (*Id.*).   Paragraph 15 of the Stipulation provides the parties shall meet and confer after the deposition if such objections are made.

The court **DENIES** the Motion for Protective Order.  The parties are directed to meet and confer further concerning the scheduling of the depositions and the best manner for efficiently proceeding.  Counsel shall discuss whether for some witness(es), proceeding first through written questions pursuant to Fed.R.Civ.P. 31 would be more efficient and practical.  For example, with regard to Mr. Cotsana, the Government suggests an oral deposition would result in the parties all traveling to New Hampshire and then a record being made of objections, assertions of privilege, and instructions not to answer.  If Defendants persist in their request for an oral deposition of Mr. Cotsana, they shall provide to the Government, at least 10 days prior to the deposition, a list of subjects to be covered and anticipated questions.

**IT IS HEREBY ORDERED:**

1.  The Motion to Compel (ECF No. 1) is **GRANTED IN PART** as set forth herein.

2.  The Government's Cross-Motion to Quash or Modify (ECF No. 19) is **DENIED** as to the request to quash and **GRANTED IN PART** as to the request to modify as set forth herein.

3.  The Government's Motion for Protective Order (ECF No. 73) is **DENIED**.

4.  The Government shall continue to produce documents responsive to the CIA subpoena.  The Government shall file a Status Report as to its compliance with the CIA subpoena, on **October 11, 2016**, and every 21-days thereafter, if the document production is not completed by October 11, 2016.  The court observes the CIA subpoena was served **94** days prior to oral argument on the Motion to Compel.  The court will not set a final cut-off date for completion of compliance with the CIA subpoena at this time.  Counsel shall confer and by **October 14, 2016**, advise the court of an agreed cut-off date.  If agreement is not reached, the Government and the Defendant shall each submit a short

brief (not to exceed 5 pages) as to their position on an appropriate deadline.  Those briefs, if necessary, shall be filed by **October 17, 2016**.  The court will then set a cut-off date, having in mind the concerns expressed at oral argument and herein that delay in the prosecution of this case will not be allowed by reason of issues between the Government and the Defendants.

5.  The Government may continue to produce documents with redactions. On or before **October 11, 2016**, the Government shall file a Statement identifying the rules/guidelines it is employing in redaction of documents.  This Statement shall also specifically address Defendants' concerns with two redacted documents that were raised at the hearing.

6.  At the September 29, 2016 hearing there was discussion of Defendants' contracts with the CIA including nondisclosure provisions.  Both the Government and Defendants offered to file those contracts with the court.  The court believes such documents will be useful to the court's understanding in the event there are further discovery issues requiring the court's consideration.  Accordingly, no later than **October 11, 2016**, the Government shall file those contracts and nondisclosure agreements between the CIA and Defendants, which the court understands have previously been produced to Defendant.  If the nature of the documents so require, the documents may be filed under seal.

7.  In future filings, the parties shall adhere to Local Rule 10.1, **as modified by this Order**, concerning courtesy copies.  The parties shall submit courtesy copies of any filing exceeding 50 pages, including attachments and/or exhibits.  The courtesy copies shall be 3-hole punched and tabbed, and clearly marked on the first page: "Judge's Courtesy Copy of Electronic Filing".  The courtesy copy should be generated, whenever possible, after the document is electronically filed so that it bears the ECF number.

/ / /

/ / /

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 4th day of October, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE