UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SULEIMAN ABDULLAH SALIM, et al., | ) ) | |
| Plaintiffs, | ) ) ) | No.  CV-15-0286-JLQ ORDER GRANTING MOTION FOR PROTECTIVE ORDER IN PART |
| vs. | ) ) ) | |
| JAMES E. MITCHELL and JOHN JESSEN, | ) ) ) ) | |
| Defendants. | ) ) | |

BEFORE THE COURT is Defendants' "Motion for a Protective Order re: Manuscript and Manuscript Drafts" (ECF No. 81)(hereafter the "Motion"). While the Motion is styled as being filed "the Defendants," the Defendant James Mitchell is the principal Defendant filing the Motion. Response and Reply briefs were filed and the matter was submitted without oral argument.

**I. Discussion**

Defendant James Mitchell states he is under contract to co-author a book concerning the CIA's enhanced interrogation program. Mitchell has apparently worked on draft manuscripts and a final manuscript has been prepared. The Motion states: "Plaintiffs seek production of the Manuscript and all drafts thereof in discovery." (ECF No. 81, p. 2). Defendants' Motion states the parties have reached a confidentiality agreement, but claims entry of a court order is needed to afford adequate protection to the commercial interests of Crown Publishing (hereafter "Crown").

In support of the Motion, Mitchell has submitted the Declaration of Tina Constable, a Senior Vice President and Publisher at Crown. (ECF No. 82). Ms.

ORDER - 1

Constable states Crown contracted with Dr. Mitchell on September 9, 2015 to prepare a manuscript "detailing his involvement in the United States Central Intelligence Agency's Rendition, Detention, and Intelligence Program." (ECF No. 82, ¶ 4). Ms. Constable states Crown purchased the rights for a "significant sum." She further states Crown intends to publish the manuscript in the "first quarter of 2017." (*Id*. at ¶ 7). She contends if the manuscript were to become public in advance of publication, Crown would "suffer direct monetary harm". (*Id*. at ¶ 10).

A manuscript, created by one of the Defendants and concerning the subject matter of this lawsuit, is certainly relevant evidence in this case. Plaintiffs state they requested the manuscript and drafts on August 8, 2016. (ECF No. 86). The court is concerned more than 60 days passed from Plaintiffs' request before Defendants filed the Motion for Protective Order on October 11, 2016. The standard time for responding to a document request under Fed.R.Civ.P. 34 is 30 days unless otherwise stipulated or ordered by the court. It appears, however, the parties were working on a Confidentiality Agreement (at ECF 86-2), which was executed on September 26, 2016. The Confidentiality Agreement specifically includes "manuscripts that are pending publication" in the definition of "confidential material". (ECF 86-2 at ¶ 2).

Defense counsel states they asked Plaintiffs' counsel to agree to the entry of a separate Protective Order covering the manuscript and drafts, but Plaintiffs' counsel allegedly "refused to agree based solely on Plaintiffs' belief that the Court's preference was to refrain from entering protective orders." (ECF No. 83, ¶ 4). Counsel for Mitchell further argues an Order is necessary due to the alleged highly publicized nature of the case and the interaction of Plaintiffs' counsel with the media. (ECF No. 83, ¶¶ 8-9). Plaintiffs' counsel takes offense at the insinuation they would leak confidential material to the media and calls such argument "insulting, reckless, and completely without basis." (ECF No. 86, ¶ 3). Plaintiffs' counsel states: "Plaintiffs have not, and would not, violate the Confidentiality Agreement." (*Id*.).

ORDER - 2

The parties agree the final manuscript and drafts thereof are relevant to this case and will be kept confidential. Despite such agreement, the parties have now expended time and resources of counsel and the court addressing the issue of whether the monetary interests of a non-party, Crown, are adequately protected by an "agreement" or whether an "order" is required.

Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times v. Rhinehart*, 467 U.S. 20, 35 (1984). Federal Rule of Civil Procedure 26(c)(1) provides a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The court may require that "confidential research, development, or commercial information" not be revealed, or be revealed only in a specified way. Fed.R.Civ.P. 26(c)(1)(G). The party asserting good cause "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* citing *Beckman Industries v. International Insurance*, 966 F.2d 470, 476 (9th Cir. 1992).

Defendant Mitchell has submitted the Declaration of Ms. Constable to establish the harm that would result if the manuscript is not kept confidential. Ms. Constable states Crown purchased the publication rights for a "significant sum," and a book's first publication "often has the most substantial and lucrative commercial impact." (ECF No. 83, ¶ 4). Ms. Constable states if the manuscript becomes public prior to its official first publication, "consumers will have little or no impetus to purchase" because it will already be available at no cost. (*Id.* at ¶ 9). She further states early release would "likely disrupt publicity and marketing plans" designed to promote the manuscript. (*Id.* at ¶ 11). Crown admits it would be "difficult, if not impossible, to accurately or fully quantify" the impact on sales that may result from early disclosure. (*Id.* at ¶ 10). Crown has not claimed, nor

ORDER - 3

could it, that its interest in Mitchell's manuscript allegedly containing Mitchell's description of his role in the establishment and operation of the "enhanced interrogation" program precludes the use of the manuscript in this litigation.

Ms. Constable's Declaration is also lacking in some specificity. It does not state how much Crown paid for the publication rights. It does not state anticipated sales, or anticipated profit to Crown from the sales. The Declaration also does not state how much Crown has, or will spend, on marketing and publicity. Despite the lack of specificity, it is reasonable to believe early disclosure of the manuscript may result in some loss of sales. Plaintiffs do not challenge the need for the manuscript to remain confidential and have entered into the Confidentiality Agreement without the requirement of a court order.

**IT IS HEREBY ORDERED**:

1. The Defendants' Motion for Protective Order (ECF No. 81) is **GRANTED IN PART**. The court finds the final manuscript of the book co-authored by Defendant James Mitchell which is currently pending publication, and the non-final drafts of some or all of such manuscript are the appropriate subject of a limited in time and content protective order. However, the court declines to enter the overly detailed proposed protective order (ECF No. 81-1).

2. Defendants shall produce to counsel for Plaintiffs the final manuscript and drafts thereof **no later than November 4, 2016**. Defendants shall produce the documents marked "CONFIDENTIAL PER ORDER" as they suggested in the proposed order.

3. The parties have already agreed to a "Discovery Confidentiality Agreement" (ECF No. 86-2)(hereafter the "Agreement"). The Agreement provides a party may use Confidential material "only for prosecuting, defending, or attempting to settle" the litigation. (*Id.* at ¶ 4.1). The parties shall employ the same standards for the "CONFIDENTIAL PER ORDER" manuscript materials as they have agreed to in the Agreement. The Agreement requires counsels' employees, experts, consultants, etc. to sign an Acknowledgment and Agreement (ECF No. 86-2, Ex. A) prior to receiving the

ORDER - 4

materials. The parties shall modify the Acknowledgment and Agreement for "CONFIDENTIAL PER ORDER" documents to reflect the documents are subject to a Protective Order and to state violation of the Order or Agreement could result in imposition of sanctions and/or proceedings for contempt of court if the court finds a violation of the Protective Order.

4. Based upon the representations of Crown as to the time and circumstances for publication of the Mitchell book, this Order is subject to modification or termination upon good cause shown, and in no event shall it continue past **April 3, 2017** or the first publication by Crown of the Mitchell book.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 25th day of October, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5